YELLOTT D. DECHERT, as Receiver, etc., of JOSEPH RYAN, Respondent and Appellant, *v.* MUNICIPAL ELECTRIC LIGHT COMPANY, Appellant and Respondent.

*When two agreements will not be construed together as one instrument, so as to defeat a demurrer.*

Where it was the contention of a party to an action, whose pleading was demurred to, that two certain contracts constituted parts of one transaction, and should, therefore, be read and construed together, if the subject-matter and terms of the contracts are different, neither containing any reference to the other, the plea of such person, in order to justify his contention, should contain allegations requiring an inference that the agreements should be read and construed together as one instrument; and if, on the contrary, the only inference presumable from the language employed in his pleadings, is that there were two distinct agreements, instead of two separate writings constituting one agreement, such agreements cannot be construed together so as to defeat the demurrer.

CROSS-APPEALS by the plaintiff, Yellott D. Dechert, as receiver, etc., of Joseph Ryan, and by the defendant, the Municipal Electric Light Company, from portions of an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 22d day of June, 1894, upon the decision of the court rendered at the New York Special Term sustaining the plaintiff's demurrer to the second, third and fourth paragraphs of the defendant's amended answer and overruling the plaintiff's demurrer to the first paragraph thereof, and dismissing the partial defenses and counterclaims set forth in the seventh, eighth and ninth paragraphs thereof.

*Louis Marshall*, for the plaintiff.

*Robert Payne*, for the defendant.

PARKER, J. :

The order appealed from, in so far as it overrules the demurrer to the alleged defense contained in paragraph 6 of the answer, must be reversed.    Paragraph 6 reads as follows :

" VI. This defendant (alleging as it has hereinbefore alleged), for a second, further and separate defense, alleges and avers that the placing of electrical apparatus by defendant in the premises occu-

pied by said Joseph Ryan, and referred to in the complaint, and all the work done by defendant in and about the erection of said equipment, and the subsequent furnishing to said Joseph Ryan of electrical current, were done at the special instance of said Ryan, and upon and under the terms of certain written agreements, copies of which are hereto annexed, marked Exhibits ' A.' and ' B ' respectively, and same are hereby made a part of this amended answer; that immediately after the installation of said electrical equipment, and long before the alleged loss and damage complained of, the New York board of. fire underwriters did duly approve the said wiring and electrical equipments upon the premises of said Ryan, and duly gave written certificates of such approval, of all of which said Ryan had due notice."

By the agreement marked Exhibit " A," the defendant agreed to supply an electric current to Ryan upon his premises, and he agreed to use such electric current, subject to the terms " printed on the back hereof, which are hereby agreed to."

The printed terms upon the back of the contract thus referred to consisted of nine provisions, the eighth of which reads as follows :

" The company is hereby released from all claims for damages resulting from the use of electric current when the wiring and electrical equipments on the premises of the consumer shall have been approved by the New York board of fire underwriters or other proper authorities."

By the other agreement the defendant agreed to wire Ryan's premises for 275 sixteen-candle power lamps located and distributed about the building, according to the specifications. The agreements bear the same date, but neither of them contains any reference to the other.

The contention of the demurrant is that the defendant so unskillfully and negligently did the work called for by the contract marked Exhibit " B " that the premises were set on fire and completely destroyed, together with the stock then belonging to Joseph Ryan, and that the eighth provision quoted above as a part of the terms printed on the back of Exhibit " A " cannot avail the defendant, because it is an entirely different contract. The ground on which the Special Term based its decision overruling the demurrer was that the writings Exhibits " A " and " B " constitute parts of one

transaction, and should, therefore, be read and construed together as forming part of one agreement. But this position is confronted with a difficulty which does not seem to have been brought to the attention of the Special Term.

The subject-matter and terms of the contracts being different, and neither containing any reference to the other, it was necessary that the answer should contain allegations requiring an inference that the agreements should be read and construed together as one instrument. This the pleader did not do. On the contrary, the only inference presumable from the language employed is that there were two distinct agreements, instead of two separate writings constituting one agreement.

The demurrer to the counterclaims set up in the 7th paragraph of the answer was, we think, rightly sustained.

So much of the interlocutory judgment as overrules the demurrer to the paragraph designated "first" should be reversed, and in all other respects it should be affirmed, with leave to the defendant to amend its answer within twenty days on payment of the costs of the action, neither party to have costs of this appeal.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

So ordered.