(19 App. Div. 538.)

## JANES v. SAUNDERS.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

ASSIGNMENT OF CLAIM—ACTION BY ASSIGNEE—PLEADING.

    Plaintiff's complaint alleged that her assignor, J., rendered certain services to one S., in payment for which he assigned to J. a claim against defendant for $550; that defendant had been notified, and had paid part of the claim. Defendant's answer alleged that S. had assigned to J. a claim against defendant for $550, in payment for an interest in a patent, which J. had never conveyed, and that the assignment was therefore without consideration, and void. *Held*, on demurrer to this answer, that as it was not alleged that the assignment by S. to J.. set up in the answer, and alleged to be without consideration, was the same on which plaintiff relied, the answer stated no defense.

Appeal from trial term.

Action by Laura M. Janes against James Saunders. From an interlocutory judgment sustaining plaintiff's demurrer to the second defense set up in defendant's answer, he appeals. Affirmed.

This action was commenced December 2, 1893. In the complaint it is alleged that heretofore Franklin H. Janes rendered work, labor, and services and furnished materials to Charles A. Shank, at his request, and upon his promise to pay therefor the sum of $550; that Shank, in payment of such obligation, and for a good and sufficient consideration, heretofore duly assigned and transferred to said Janes a claim and debt before then accrued and owing to Shank, and against the defendant, of the sum of $550; that the defendant thereafter, upon due notice of said assignment, accepted and agreed to pay the same, and did pay to said Janes, on account thereof, the sum of $40.29; that thereafter said Janes, for a good and sufficient consideration, duly assigned to the plaintiff the said claim of $509.71, and the plaintiff now is the owner thereof, and no part thereof has been paid. The answer contains a general denial. Then, second, for a further and separate defense, it is alleged "that on or about the 17th day of May, 1893, one Charles A. Shank executed and delivered to Franklin H. Janes a certain instrument, whereby said Shank promised and agreed to pay to the said Janes the sum of five hundred and fifty dollars ($550), if the sum of twenty-two hundred dollars ($2,200) should be paid to said Shank under an agreement between Charles A. Shank, James Saunders (this defendant), William Saunders, and Herman Harder, bearing date the 17th day of May, 1893, and that the said assignment was executed and delivered in consideration of the agreement of the said Franklin H. Janes to sell and assign and convey to the said Shank one-tenth interest in certain letters patent, in which letters patent the said Janes then claimed to own a one-fifth interest; that the said assignment by the said Shank was drawn by the said Janes immediately upon reaching a verbal agreement with the said Shank for the sale by said Janes to said Shank of the said interest in the said letters patent, and that the same was executed and delivered by the said Shank to the said Janes upon his agreement to prepare, execute, and deliver, as soon as said Janes could procure the proper form of assignment, an instrument transferring to said Shank the said interest in the said letters patent; that said Shank thereafter requested said Janes to prepare and deliver the said assignment as promised, but that the said Janes failed and neglected so to do, and thereafter the said Janes informed the said Shank that he had concluded to retain his entire interest in said letters patent, whereupon the said Shank demanded the instrument of assignment which he had executed and delivered to the said Janes on the 17th day of May, 1893, as hereinbefore alleged; that said Janes thereupon informed said Shank that he had destroyed the paper in question; that said Janes thereafter, and on or about the 25th day of September, 1893, informed this defendant that he had a claim for $550 against money due Charles A. Shank from said defendant, under the agreement dated May 17, 1893; that defendant thereafter informed the said Shank of the claim made by the said Janes, whereupon the said Shank notified this defendant not to pay any moneys to the said Janes under said assignment; and that said assignment, as defendant is informed and believes, is wholly without consideration, fraudulent, and void." The plaintiff demurred to the second defense, on the ground that it is insufficient in law, upon the face thereof.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Louis W. Pratt, for appellant.

G. H. Mallory, for respondent.

MERWIN, J. The claim of the defendant is that the paragraph of the answer demurred to contains a statement of new matter constituting a defense to the action. The argument seems to be that, if the facts alleged in the second defense are true, the plaintiff is not the

owner of, or has not the title to, the claim or debt sued on. When the answer demurred to contains no denial of the allegations of the complaint, but sets up new matter, the court, in considering the demurrer, will treat the allegations in each pleading as true. Long v. Mayor, etc., 81 N. Y. 427; Wiley v. Village of Rouses Point, 86 Hun, 495, 33 N. Y. Supp. 773. We therefore must assume that, at some date before the commencement of the action, Shank, being the owner of a debt against defendant for $550, assigned it to F. H. Janes, in payment of a debt he owed to Janes for work, labor, and services and materials furnished. The defense demurred to relates to an instrument dated May 17, 1893, between Shank and F. H. Janes, of an executory character; and we may assume that it is in effect alleged that that instrument was subsequently canceled as between Shank and F. H. Janes. There is, however, no allegation that the instrument of May 17, 1893, is a part of plaintiff's title, or has anything to do with the claim she sues on. It is entirely different in its character from the assignment which she alleges from Shank to F. H. Janes, and we have, I think, no right to assume that they refer to the same transaction, in the absence of appropriate allegation to that effect. Dechert v. Light Co., 84 Hun, 575, 32 N. Y. Supp. 727. It may be that if the assignment from Shank to F. H. Janes, through which the plaintiff claims title, was, before the assignment to plaintiff, in effect abrogated or nullified, so that no title passed to plaintiff, the defendant could defend on that line. That question, however, is not here. All of the allegations of fact in the answer may be true, and still the absolute transfer made by Shank to F. H. Janes, in payment of a debt then existing from Shank to Janes, as alleged in the complaint, may be still in full force and effect. It follows that the demurrer was properly sustained.

Interlocutory judgment affirmed, with costs, with leave to amend on payment of costs of demurrer and of appeal. All concur.